UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL DAVIS,

        Plaintiff,

v.

        Case Number 13-11805
        Honorable Thomas L. Ludington

GREGORY COLLINS,
JACQUELINE CRACHIOLA,
PREMA BRENNAN, and
JOHN DOE(S) 1-3,

        Defendants,
_____/

## OPINION AND ORDER DENYING THE APPLICATION FOR APPOINTMENT OF COUNSEL AND DISMISSING THE COMPLAINT

Plaintiff Paul Davis is a state prisoner at Saginaw Correctional Facility in Freeland, Michigan. He recently filed a *pro se* complaint seeking monetary and declaratory relief under 42 U.S.C. § 1983 and an application for appointment of counsel. Defendants are employees of the Hamtramck Police Department. Defendants Gregory Collins and Jacqueline Crachiola are detectives, and defendant Prema Brennan is a police officer. The remaining defendants are two unnamed police officers and a supervisor, all of whom are identified as "John Doe." But because Plaintiff's allegations are frivolous and fail to state a claim for which relief may be granted, his complaint will be dismissed.

**I**

The complaint and exhibits allege that, on April 20, 2011, Plaintiff's sixteen-year-old daughter and her mother walked into the Hamtramck police station and reported that Plaintiff had forced his daughter to engage in sexual acts with him during the past year. Plaintiff was arrested

on the same day pursuant to a warrant issued by the Friend of the Court. On the following day, Detective Collins advised Plaintiff of his constitutional rights and interviewed him. Plaintiff admitted to Detective Collins that his daughter had performed oral sex on him.

Plaintiff was charged with one count of criminal sexual conduct in the first degree and two counts of criminal sexual conduct in the third degree. The first-degree charge was based on allegations that Plaintiff engaged in sexual penetration (cunnilingus) with a blood relative who was at least thirteen years of age, but less than sixteen years of age. *See* Mich. Comp. Laws § 750.520b(1)(b)(ii); Pl.'s Compl. Ex. B. The third-degree charges were based on allegations that Plaintiff penetrated his daughter's genital opening with his penis. *See* Mich. Comp. Laws § 750.520d(1)(d); Pl.'s Compl. Ex. B.

In his civil rights complaint, Plaintiff alleges that: (1) his arrest was unconstitutional because it was based on an "exaggerated" Friend-of-the-Court warrant and on false assertions that he confessed to the crimes; (2) the subsequent warrant for his arrest on criminal-sexual-conduct charges was invalid because his alleged confession was ruled inadmissible at trial; and (3) his arrest and detention were improper because the complainant did not make her report to the police until after his arrest and there was no hearing prior to the arrest. Plaintiff sues the defendants in their individual capacities for alleged violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**II**

Due to Plaintiff's indigence, the Court has granted him permission to proceed without prepayment of the fees and costs for this action. When an indigent prisoner's "civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a

claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief." *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Conclusory statements will not suffice, and only a complaint that states a claim for relief which is plausible on its face will survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). And "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Medical Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### III

#### A

The Court interprets the complaint as alleging that Plaintiff was falsely arrested and detained. To the extent that Plaintiff is challenging the criminal charges against him and his

subsequent conviction for criminal sexual conduct, his claim is not cognizable in this civil rights case. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Moreover,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (footnote omitted). Plaintiff has not shown that his conviction was invalidated by state officials or called into question by a federal court on habeas corpus review. Thus, to the extent that Plaintiff is challenging his conviction, his claims are barred.

**B**

Even if Plaintiff's claims are not barred by *Heck*, Plaintiff has failed to state a plausible claim for false arrest and detention. To succeed on a claim for false arrest under § 1983, a plaintiff must prove that the police lacked probable cause to arrest him. *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (quoting *Voyticky v. Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005)).

But "an arrest based on a facially valid warrant approved by a magistrate provides a complete defense. . . ." *Id.* Consequently, to prevail on his false arrest claim, Plaintiff must prove by a preponderance of the evidence that the police knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions to procure the warrant and

those statements or omissions were material or necessary to the finding of probable cause. *Id.* (quoting *Wilson v. Russo*, 212 F.3d 781, 786–87 (3d Cir. 2000)). "A police officer has probable cause only when he discovers reasonably reliable information that the suspect has committed a crime." *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000).

The complaint and exhibits indicate that the complainant went to the police station with her mother and informed an officer that Plaintiff performed oral sex on her. She also reported that Plaintiff had forcible sexual intercourse with her more than sixteen times. *See* Pl.'s Compl. Ex. D. Plaintiff subsequently was arrested on a warrant issued by the Friend of the Court. On the following day, he made an admission to the police, and a warrant was sought on criminal sexual conduct charges. The Court concludes from the facts as alleged in the complaint and the attached exhibits that Plaintiff's arrest and detention were based on reasonably reliable information that Plaintiff committed criminal sexual conduct.

Although Plaintiff claims that the police falsely accused him of criminal sexual conduct, his statement to the police includes an admission that he sexually penetrated an underage blood relative. The validity of an arrest, moreover, "does not depend on whether the suspect actually committed a crime . . . ." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). Nor does it matter that Plaintiff's admissions to the police were allegedly ruled inadmissible at trial. *See Everson v. Leis*, 556 F.3d 484, 498–99 (2009) (stating that, "[a] finding of probable cause does not require evidence that is completely convincing or even evidence that would be admissible at trial; all that is required is that the evidence be sufficient to lead a reasonable officer to conclude that the arrestee has committed or is committing a crime") (quoting *Harris v. Bornhorst*, 513 F.3d 503, 511 (6th Cir. 2008)). Plaintiff has failed to show that the police deliberately made false statements to procure a warrant for his arrest.

Plaintiff next alleges that he was arrested before the complainant spoke to the police. This contention is based on the police report, which summarizes the complainant's interview with an officer. The report states that Plaintiff was arrested at 11:45:00 a.m. on April 20, 2011. *See* Pl.'s Compl. Ex. C. The report was entered that same day at 12:23:42 p.m. *See* Pl.'s Compl. Ex. D. But the fact that the report was written after Plaintiff's arrest does not necessarily mean that the complainant and her mother did not speak to the police before then. It appears more likely that the complainant and her mother spoke to the police, and once Plaintiff was subsequently arrested the police officer who interviewed them then summarized the allegations in a formal written report. The Court concludes that Plaintiff's factual allegations are not enough to raise a right to relief above the speculative level.

There also is no merit in Plaintiff's contention that his right to due process was violated because he was arrested and detained without a hearing. "[T]he kinds and degree of proof and the procedural requirements necessary for a conviction are not prerequisites to a valid arrest." *DeFillippo*, 443 U.S. at 36 (citing *Gerstein v. Pugh*, 420 U.S. 103, 119–123 (1975), and *Brinegar v. United States*, 338 U.S. 160, 174–76 (1949)). Individuals who are arrested and detained without a warrant may be held for up to forty-eight hours before a hearing is held. *Drogosch v. Metcalf*, 557 F.3d 372, 378 (6th Cir. 2009) (citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991); *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975)). "Due process permits an arrest without a previous hearing because it is dangerous to allow a person who the police have probable cause to believe has committed a crime to roam at large while awaiting a hearing." *Holly v. Woolfolk*, 415 F.3d 678, 681 (7th Cir. 2005). Thus, the lack of a pre-arrest hearing did not violate Plaintiff's right to due process. The Court concludes for all the reasons given above that Plaintiff has failed to state a plausible claim for false arrest and wrongful imprisonment. The police had warrants

and probable cause to arrest and detain Plaintiff. The presence of probable cause alone defeats Plaintiff's Fourth Amendment claim of unlawful arrest and false imprisonment. *Wolgast v. Richards*, 389 F. App'x 494, 501 (6th Cir. 2010). Plaintiff's complaint will be dismissed.

## IV

Plaintiff's allegations are frivolous and fail to state a claim for which relief may be granted. Accordingly, it is **ORDERED** that the complaint, ECF No. 1, is summarily dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

It is further **ORDERED** that the application for appointment of counsel, ECF No. 3, is **DENIED**.

It is further **ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443–45 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997).

Dated: June 14, 2013  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and upon Paul Davis #654865 Saginaw Correctional Facility, 9625 Pierce Road Freeland, MI 48623 by first class U.S. mail on June 14, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS